PHILIP RICHMOND ET AL. v. CHARLES AUSTIN BATES.

Decided May 28, 1924.

**Negligence—Motor Vehicle Collision—Verdict Alleged Against Weight of Evidence—Alleged Erroneous Charge Regarding Reasonable Care—Defendant's Counsel Question to the Jury Before Being Sworn Held Improper.**

On plaintiffs' rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the rule, *Weinberger & Weinberger.*

*Contra, William B. Harley.*

PER CURIAM.

This suit grows out of a collision between an automobile belonging to the plaintiff Philip Richmond, and being driven by his son Milton, with an automobile belonging to the defendant, which was being driven by the latter's chauffeur. The plaintiffs in the present case, beside Richmond, were passengers in his car at the time of the occurrence of the collision. The car in which the plaintiffs were riding was traveling south on Washington avenue, in the town of Nutley. The defendant's car was being driven in the opposite direction. Upon reaching a cross street, known as Nutley avenue, the defendant's chauffeur turned to his left for the purpose of going into that avenue, and while in the act of doing so the collision occurred. The result of the consideration of the testimony by the jury led them to render verdicts in favor of the defendant as against all of the plaintiffs, manifestly upon the ground that the accident occurred solely by reason of the carelessness of the driver of the plaintiffs' car.

The first contention on the part of the plaintiffs is that these verdicts were contrary to the weight of the evidence. We think this contention is without merit, for, if the testimony submitted on the part of the defendants was accepted by the jury as a true description of the accident (and it had a right to so accept it), we think it plain that the collision was the result solely of the carelessness of young Richmond in the driving of his car. The verdicts will not be set aside on this ground.

The next ground urged by the plaintiffs for making the rule absolute is that the court erroneously charged the jury, in instructing it that "in rendering your verdict you will render three separate and distinct verdicts, either no cause of action, or, if in favor of the plaintiffs, for three separate and distinct amounts, under the rules of law as I shall hereafter state them to you." No exception was taken to this instruction, and the plaintiffs, therefore, are not entitled, as a matter of right, to have it considered by us. We may add that we think the instruction was proper, when taken in connection with the other portions of the charge relating to this phase of the case.

Next, it is said that the court erred in instructing the jury that negligence on the part of the driver of the defendant's car meant failure to exercise reasonable and ordinary care. It is not asserted that this instruction was erroneous, but it is said to have been insufficient to properly present the issues to the jury. If this be true—that is, if the elaboration was needed—it was the duty of counsel for the plaintiffs to request a further instruction upon that point embodying what he considered ought to have been further stated. This he did not see fit to do, and, in that situation of the case, he can take nothing by this ground for making the rule to show cause absolute.

The last point argued is that this rule should be made absolute, because of a statement made by counsel for the defendant at the time the jury was being drawn. The statement was in the form of a question put to the jury by coun-

sel for the defendant before they were sworn, viz.: Do you, gentlemen, any of you, own any of the securities of the State Finance Corporation, operated by Mr. Weinberger" (counsel for plaintiffs), or did you ever do any business with Mr. Weinberger in negligent cases on a fifty per cent. basis?" It appears from an examination of the case that immediately upon the asking of this question Mr. Weinberger protested, saying, "I submit to the court that that is an improper question, and Mr. McLeod ought to know better." To which the court replied, "Yes, it is entirely improper." Then Mr. McLeod said, "I withdraw the question." Thereupon, Mr. Weinberger retorted as follows: "I think counsel ought to be instructed that it was a very improper remark. I think counsel ought to be told that he gets up to make a remark like that only for the purpose of prejudicing the jury." To which the court answered, "Yes, it is very improper." With this last remark the incident was closed. It was, of course, true that the question was grossly improper, as the court said, but counsel for the plaintiffs allowed the matter to drop without any further action on his part. If he had considered that his clients would necessarily be prejudiced, in the trial of the case by reason of what had been said, his proper course would have been to have moved to withdraw a juror or to discharge the jury. However, he did not see fit to do this, but preferred to proceed with the trial and take the chances of a result favorable to his clients. Having taken this course, he cannot now be heard to complain of the validity of the verdict upon the ground last argued.

The rule to show cause will be discharged.